## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| BEHKAM BAHADORANI, | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 25-6177 |
| | ) | (D.C. No. 5:25-CV-1091-PRW) |
| PAMELA BONDI, ET AL., | ) | |
| Respondents-Appellees. | ) | |

---

## APPELLEES' RESPONSE IN OPPOSITION TO APPELLANT'S EMERGENCY MOTION TO EXPEDITE PURSUANT TO 28 U.S.C. § 1657 WITH REFERENCE TO 28 U.S.C. § 2241

---

NOW COME Appellees Attorney General Pamela Bondi; Secretary of Homeland Security Kristi Noem; U.S. Department of Homeland Security (DHS); U.S. Immigration and Customs Enforcement (ICE); Todd M. Lyons, Acting Director of ICE; Marcos Charles, Acting Executive Associate Director, Enforcement and Removal Operations (ERO); and Mark Siegel, Director, Oklahoma City Field Office, ICE, who, pursuant to the Court's Order [Doc. 10] directing them to respond to Appellant Bekham Bahadorani's Emergency Motion to Expedite Pursuant to 28 U.S.C. § 1657 with Reference to 28 U.S.C. § 2241 [Doc. 9], respectfully submit that the Court should deny Appellant's Emergency Motion.

### Brief in Opposition to Appellant's Emergency Motion

I.  **Introduction**:

Appellant Behkam Bahadorani sought habeas corpus relief under 28 U.S.C. §

2241 in the United States District Court for the Western District of Oklahoma,
challenging his detention at the Cimarron Correctional Facility in Cushing,
Oklahoma. The following timeline sets out relevant events leading to his appeal:

| Date | Event(s) |
|---|---|
| September 21, 2025 | Mr. Bahadorani files his Verified Petition for Writ of Habeas Corpus [Doc. 1]. |
| September 22, 2025 | At the direction of Judge Patrick R. Wyrick, the District Court Clerk refers the matter to Magistrate Judge Chris M. Stephens for preliminary review in accordance with 28 U.S.C. § 636, to include the submission of a report and recommendation. Order [Doc. 3]. |
| September 23, 2025 | Mr. Bahadorani files the following motions in the District Court:<br>• Petitioner's Emergency Motion or Request for Expedited Handling Under 28 U.S.C. § 1657 with Reference to 28 U.S.C. Ch. 153 [Doc. 5];<br>• Motion for Admission Pro Hac Vice [Doc. 7]; and<br>• Petitioner's Emergency Motion for Temporary Restraining Order Under FRCP 65(b) and Preliminary Injunction Under FRCP 65(a) -- Expedited Handling Requested [Doc. 8]. |
| September 24, 2025 | Judge Wyrick enters the following orders:<br>• Order [Doc. 10] granting Petitioner's Motion for Admission Pro Hac Vice [Doc. 7]; and<br>• Order [Doc. 11] denying Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction with Expedited Handling [Doc. 8] based on noncompliance with Rule 65(b)(1), Fed. R. Civ. P. |
| September 30, 2025 | Judge Wyrick enters an Order [Doc. 12]:<br>• vacating the earlier referral to Magistrate Judge Stephens;<br>• granting the Emergency Motion or Request for Expedited Handling [Doc. 5];<br>• ordering the named respondents to file an answer or other response to the § 2241 petition [Doc. 1] on or before October 14, 2025; and<br>• directing the District Court Clerk to send copies of the |

| Date | Event(s) |
|---|---|
| | petition, pending motions, and the District Court's order to the United States Attorney. |
| October 14, 2025 | Appellees file their Response in Opposition to Petitioner's Verified Petition for Writ of Habeas Corpus [Doc. 15]. |
| October 15, 2025 | Mr. Bahadorani files Petitioner's Reply to Respondents' Response to the Order to Show Cause [sic] [Doc. 16]. |
| October 22, 2025 | Judge Wyrick orders Appellees "to file a sur-reply to Petitioner's Reply (Dkt. 16) on or before October 27, 2025, detailing (1) the extent to which [Appellees] have or have not complied with the procedural requirements of 8 C.F.R. § 241.13(i)(2)–(3), and, (2) if [Appellees] did fail to do so, what the appropriate remedy for such failures ought to be." Order [Doc. 17]. |
| October 27, 2025 | • Appellees file the Federal Respondents' Surreply in Opposition to Petitioner's Verified Petition for Writ of Habeas Corpus [Doc. 18].<br>• Mr. Bahadorani files Petitioner's Motion Seeking Leave to File a Sur-Response to Respondents' Sur-Reply [Doc. 19].<br>• The District Court grants Mr. Bahadorani's motion and grants him leave to file a sur-response on or before October 29, 2025.  Order [Doc. 20]. |
| October 29, 2025 | Mr. Bahadorani files Petitioner's Sur-Reply to Respondents' Sur-Response to the Order to Show Cause [sic] [Doc. 21]. |
| October 31, 2025 | Judge Wyrick enters the following:<br>• Order [Doc. 22] denying Mr. Bahadorani's habeas corpus petition; and<br>• Judgment [Doc. 23] denying the petition, resolving all claims fully and finally, and terminating the civil action. |
| November 4, 2025 | Mr. Bahadorani files duplicate Notices of Appeal [Docs. 24 & 25]. |

## II.  Law and Argument:

### a.  Appellant does not show good cause for his proposed schedule.

Mr. Bahadorani proposes a truncated briefing schedule and asks the Court to

expedite its consideration of his habeas corpus appeal "pursuant to 28 U.S.C. § 1657, with reference to 28 U.S.C. § 2241[.]" Emergency Motion [Doc. 9] at 3. Expedited consideration is integral to habeas corpus actions, so in some respects Mr. Bahadorani's motion may be superfluous.[1] "Notwithstanding any other provision of law," a court shall determine for itself the order in which civil actions are determined, "except that the court *shall expedite* the consideration of any action brought under" Title 28, U.S. Code, Chapter 153 (28 U.S.C. §§ 2241 – 2255). 28 U.S.C. § 1657(a) (emphasis added). Certainly this Court is aware, and the District Court was aware, of the nature of the § 2241 action, the liberty interests involved, and a court's obligation to expeditiously consider a request for habeas corpus relief.

Section 1657 was enacted to address the proliferation of laws prioritizing certain civil actions. Before 1984, there were more than 30 statutes "which declared the particular civil action addressed in each instance was to receive priority," and it "simply was not possible to obey one such statute without violating the others." *Zukowski v. Howard, Needles, Tammen, & Bergendoff*, 115 F.R.D. 53, 54 (D. Colo. 1987). Congress addressed the problem it had created when it passed Public Law

---

[1] *See Freedom Commc'ns Inc. v. F.D.I.C.*, 157 F.R.D. 485, 487 (C.D. Cal. 1994) (The court was cognizant that 28 U.S.C. § 1657(a) encourages expedited action for federal rights, including rights established under the Freedom of Information Act (FOIA), but steps had been taken to ensure the speedy disposition of the case, and the court did "not see the value in issuing an order that does no more than reiterate policies already announced by statute and the Court itself.").

98-620, Title IV, § 401(a), 98 Stat. 3356 (Nov. 8, 1984), now codified as 28 U.S.C. § 1657. The statute provides that each court of the United States must determine the order in which civil actions will be heard and determined, but certain categories, including habeas corpus actions, shall be given preference. *Id.* [2]

Habeas corpus actions fall within the "narrow set of cases" that get priority treatment. *Comm. on Ways & Means, U.S. House of Representatives v. U.S. Dep't of the Treasury*, No. 1:19-CV-01974 (TNM), 2019 WL 4094563, at *1 (D.D.C. Aug. 29, 2019). Courts also shall expedite actions brought under the Recalcitrant Witness Statute (28 U.S.C. § 1826) "or 'any action for temporary or preliminary injunctive relief.'" *Id*. (quoting 28 U.S.C. § 1657(a)). Congress encourages priority for FOIA cases and mandates priority for criminal cases. *Id*. (citations omitted).

In addition to the types of civil actions specified by Section 1657(a), courts also "shall expedite the consideration of … any other action if good cause therefor is shown." 28 U.S.C. § 1657(a). Mr. Bahadorani invokes this catch-all provision, arguing, "It is clear that 'good cause' within the meaning of 28 U.S.C. § 2241 [sic] exists, as Petitioner's habeas corpus petition is premised on the idea that his detention is unlawful" and violates due process. Emergency Motion [Doc. 9] at 3.

"Under 28 U.S.C. § 1657(a), 'good cause' is shown only where a claim arises

---

[2] *See also Freedom Commc'ns Inc.*, 157 F.R.D. at 486 ("[T]he 1984 Act repealed some eighty individual prioritization provisions and enacted section 1657.").

'under the Constitution of the United States or a Federal Statute ... in a factual context that indicates that a request for expedited consideration has merit.'" *Comm. on Ways & Means*, 2019 WL 4094563, at *1, n. 2. "The text of subsection (a), notably the reference to a 'factual context', suggests that Congress contemplated case-by-case decision making." *Freedom Commc'ns Inc.*, 157 F.R.D. at 487. For example, "'Litigants who can persuasively assert that there is a special public or private interest in expeditious treatment of their case will be able to use the general expedition provision ...'" *Id.*, quoting H. Rep. No. 985, 98th Cong., 2d Sess. (1984), *reprinted in* 1984 U.S.C.C.A.N. 5708, 5782.

"The Court has wide discretion in determining good cause under this standard." *Vianello v. City of Prairie Vill., Kan.*, No. 25-2383-JAR-TJJ, 2025 WL 2208041, at *1 (D. Kan. Aug. 4, 2025); *see also Satterlee v. Comm'r of Internal Revenue Serv.*, No. 6:18-03348-CV-RK, 2019 WL 2236091, at *4 (W.D. Mo. May 23, 2019) ("District courts have discretion to determine the need for expedited processing on a case-by-case basis."). In making scheduling decisions when ruling on a Section 1657(a) motion, a court's "'judgment range is exceedingly wide,' for it 'must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's.'" *Wilkinson v. United of Omaha Life Ins. Co.*, No. 23-CV-02699-GPG-NRN, 2024 WL 5378114, at *1 (D. Colo. Apr. 4, 2024) (quoting *Myers v. CitiMortgage, Inc.*, 557 F. App'x 296, 298 (5th Cir. 2014)); *see*

*also Krutz v. Huntington Ingalls, Inc.*, No. CV 20-1722, 2020 WL 12765379, at *1 (E.D. La. July 20, 2020), and *Berenson v. Adm'rs of the Tulane Univ. Educ. Fund*, No. CV 17-329, 2017 WL 3480794, at *1 (E.D. La. Aug. 14, 2017).

Merely stating that rights guaranteed by the Constitution are at stake, without any factual context, is insufficient to justify an expedited appeal. *In re Bechard*, No. CV 19-2025 (RAM), 2019 WL 6359145, at *2 (D.P.R. Nov. 27, 2019). Simply reminding the Court that "Petitioner's habeas corpus petition is premised on the idea that his detention is unlawful" and that his "liberty interests are at stake" (*see* Emergency Motion [Doc. 9] at 3) does not provide enough factual context to demonstrate good cause. A court may expect a petitioner to show what separates his filing from other habeas corpus petitions that preceded it and demonstrate that, in the factual context of his case, "his petition has such merit that expedited consideration is warranted." *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). The movant in *Castillo* requested immediate release from custody and attacked his detention as unlawful, but his request and attack differed little from the vast majority of other habeas petitions on file with the court. He failed to show "good cause to expedite a ruling on his petition for habeas relief to the detriment of petitions filed prior to the filing of his petition." *Id*. Prompt consideration of his habeas petition was undoubtably important and a judicial priority, but the movant showed no undue or highly prejudicial delay that would establish good cause for

expedited consideration of that petition. *Id.*

"Many litigants have compelling reasons to desire a speedy remedy," but those reasons often do not rise to the level of good cause such that the court must adjust its schedule to accommodate their requests for expedited consideration. *Berenson*, 2017 WL 3480794, at *2.[3] Mr. Bahadorani seeks habeas corpus relief, so it follows that this Court will expedite its consideration of his appeal *once it is fully briefed*. Mr. Bahadorani does not, however, show good cause in a factual context requiring the Court to accelerate the briefing schedule in the manner he proposes.

### b. Not only does Mr. Bahadorani fail to show good cause, but also there are compelling reasons for the Court to deny his motion.

A party who invokes good cause in a motion for expedited consideration has the burden of showing the factual context that indicates that his request should be granted. 28 U.S.C. § 1657(a). Movants bear the burden to provide reasons "why the Court must set aside its other matters and act immediately on their claims." *Preferred Care, Inc. v. Bleeker*, No. CV 16-152-ART, 2016 WL 9275786, at *1 (E.D. Ky. July 25, 2016). Mr. Bahadorani fails to make that showing, and there are compelling reasons that counsel against his proposed expedited briefing schedule.

First is the matter of complexity of habeas corpus litigation generally. All

---

[3] *See also Comm. on Ways & Means*, 2019 WL 4094563, at *1 ("Of course, most plaintiffs want quick resolutions of their cases."); *Johnson v. Ardoin*, No. CV 18-625-SDD-EWD, 2019 WL 13331070, at *1 (M.D. La. Aug. 20, 2019) ("… Plaintiffs would like this case to move more quickly, as would nearly every plaintiff.").

civil litigants deserve prompt action consistent with the claims and defenses presented, the facts at issue, and other variables unique to each case. *See* Fed. R. Civ. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). "[T]he emphasis in the Federal Rules of Civil Procedure on 'just' and 'speedy' adjudication … parallels the idea of 'a swift, flexible, and summary determination' of a habeas corpus petitioner's claim." *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 271 (1978). "These factors must be implemented, however, in the face of a busy court docket and the reality that '[f]ederal habeas corpus happens to be one of the most complex areas of American law.'" *Easley v. Knight*, No. 1:12-CV-775-WTL-MJD, 2013 WL 358293, at *1 (S.D. Ind. Jan. 28, 2013) (quoting *Holmes v. Buss,* 506 F.3d 576, 579 (7th Cir. 2007)). "The law of habeas corpus is subtle and intricate; mistakes are easy to make." *Fagan v. Washington*, 942 F.2d 1155, 1157 (7th Cir. 1991). Mr. Bahadorani proposes a drastically shortened briefing schedule that would increase the chances for error in the parties' submissions to the Court.

Second, the matter of complexity is compounded by the specific nature of Mr. Bahadorani's action:  this is an *immigration* habeas case.  Mr. Bahadorani has made the political implications of immigration policy a feature of his habeas corpus suit, referring to "the present administration's heavy reliance on civil detention to

accomplish its political aims."  Petition [Doc. 1] at 12, ¶ 59.  In his opening salvo in

the District Court, Mr. Bahadorani declared, "Myriad courts around the country have

granted habeas corpus petitions and/or enjoined the current administration's

attempts to use civil detention punitively against noncitizens."  *Id.* at 13, ¶ 60.

Immigration habeas cases present complex questions about Executive and

Judicial authority and separation of powers.  Issues presented in the pleadings "are

percolating in other courts," counseling against rushing headlong in this case.

*Comm. on Ways & Means*, 2019 WL 4094563, at *2.

Courts are not ruling in lockstep on immigration habeas issues.  For example,

district courts throughout the United States are determining whether certain

detainees are or are not eligible for bond, offering competing interpretations of  8

U.S.C. §§ 1225 and 1226.  The Eastern District of Wisconsin recently observed,

> The INA is a complicated statute that has been amended multiple times
> since being enacted in 1952. The relevant language in the two
> provisions at issue was added by Congress in 1996 as part of the Illegal
> Immigration Reform and Immigrant Responsibility Act (IIRIRA). Both
> sections authorize the government to detain individuals pending
> resolution of removal proceedings. Determining how these sections
> interrelate, how they apply to various categories of aliens facing
> removal, and how they fit into federal immigration law as a whole is a
> challenge.

*Cirrus Rojas v. Olson*, No. 25-CV-1437-BHL, 2025 WL 3033967, at *5 (E.D. Wis.

Oct. 30, 2025).

> Cirrus Rojas repeatedly emphasizes the number of other district courts
> that have adopted his position. His petition and briefing bullet point

more than 45 cases from other district courts rejecting Respondents'
textual analysis and adopting his own. For their part, Respondents cite
a handful of cases reaching the opposite conclusion.

*Id*. at *9.

Only one of the cases cited by the parties was from within the Seventh Circuit,
but its analysis was "limited and typical of the decisions adopting Cirrus Rojas's
interpretation." *Id*. "The case was also decided on an expedited basis and in a short
time frame," so the *Cirrus Rojas* court found its analysis "unpersuasive." *Id*. at *10.
Ultimately, the *Cirrus Rojas* court found that the detention comported with due
process. It denied the § 2241 petition and dismissed the case. *Id*. at *14.

Another court addressing the interplay of the two INA provisions observed in
early November, "Decisions from other district courts throughout the United States,
including ones in this district, have rejected Respondents' argument and found that
aliens like Petitioner are subject to detention under § 1226(a), not § 1225(b)." *Silva
Oliveira v. Patterson*, No. 6:25-CV-01463, 2025 WL 3095972, at *5 (W.D. La. Nov.
4, 2025) (citing cases). The Western District of Louisiana's analysis "differs from
that of other courts," *id*., resulting in its determination that the petitioner was
lawfully detained under § 1225(b)(2) and not entitled to a bond hearing. *Id*. at *7.

*Cirrus Rojas* and *Silva Oliveira* address a different subset of immigration
detention than Mr. Bahadorani's, but the cases show that immigration habeas law is
by no means settled. Mr. Bahadorani claims that in the current political climate he

11

suffers "unconstitutional imprisonment," Emergency Motion [Doc. 9] at 4, but when a case presents "weighty constitutional issues and political ramifications," those factors "militate in favor of caution and deliberation, not haste." *Comm. on Ways & Means*, 2019 WL 4094563, at *1. Analysis of the issues in this appeal may benefit from the resolution of other cases that are working their way to determination in this circuit and others.

Third, this Court's rules of practice are the product of careful deliberations, but Mr. Bahadorani's motion would have this Court deviate "to the maximum extent possible" from its "normal schedule." Emergency Motion [Doc. 9] at 1-2. That schedule and other rules of court were adopted "only after giving appropriate public notice and an opportunity for comment." 28 U.S.C. § 2071(b). The Court implemented its regular briefing schedule to ensure that matters would be thoroughly researched and fully briefed, and litigants in the Tenth Circuit already "owe an ethical obligation to avoid delay." *Practitioner's Guide to the United States Court of Appeals for the Tenth Circuit*, § VIII.C (13th ed.) at 47. Appellant asks the Court to cast aside its normal schedule without offering reasons that are unique to this case.

Fourth, when presented with a Section 1657(a) motion, a court must consider the interests of all parties, not just the interests of the movant. The court must consider the procedural posture of the case and has an obligation to ensure fairness for all parties involved. A court has a practical obligation to consider its own docket

and the priorities of other cases on that docket. *McAllister v. McDermott, Inc.*, No. CV 18-361-SDD-RLB, 2018 WL 11402097, at *1 (M.D. La. July 31, 2018). Mr. Bahadorani presents his motion to expedite during a lapse in federal appropriations, government shutdown, and furlough of federal employees. While there are reports that the shutdown may be nearing its end,[4] the shutdown has hindered the undersigned counsel's communications with agency counsel for the non-DOJ Appellees (*i.e.*, every Appellee other than the Attorney General) and has negatively impacted the ability to gather information relevant to the claims. These are not simply matters of convenience. The quality of arguments presented by the Appellees would likely suffer under the briefing schedule Mr. Bahadorani proposes.

Fifth, an abbreviated briefing schedule might extract a cost to the public. Even an unpublished opinion of this Court would be accessible to the public and likely would be cited in future briefs and motions. In this dynamic field of immigration law, the public interest would be best served by the regular briefing schedule.

Sixth, Mr. Bahadorani cites *Lonchar v. Thomas*, 517 U.S. 314, 324-25 (1996), for the "special urgency of habeas cases," Emergency Motion [Doc. 9] at 3, but *Lonchar* offers reasons to deny his motion. *Lonchar* counsels for the reasoned,

---

[4]  *See*, *e.g.*, Alexander Bolton, *Senate votes to advance proposal to end 40-day government shutdown*, The Hill (Nov. 9, 2025, 10:51 p.m. ET) (*available at* https://thehill.com/homenews/senate/5597973-senate-votes-government-shutdown-deal/).

deliberate determination of emerging habeas corpus issues. An appellate court should describe as specifically as possible the standards that should govern district courts in the disposition of habeas corpus applications. Rules that guide lower courts reduce uncertainty, avoid unfair surprise, minimize disparate treatment of similar cases, and thereby help all litigants. 517 U.S. at 323-24. Arguments against *ad hoc* departure from settled rules and procedures are particularly strong when dismissal of a first habeas petition is at issue, and the Habeas Corpus Rules themselves provide ample discretionary authority to tailor the proceedings as needed to dispose quickly, efficiently, and fairly of first habeas petitions that lack substantial merit, "while preserving more extensive proceedings for those petitions raising serious questions." *Id*. at 325. *Lonchar* militates in favor of deliberation, not haste, in an emerging area of immigration law in the special context of habeas corpus proceedings.

And lastly, the analysis might be different if Mr. Bahadorani's case had taken a different, slower course in the District Court, but the proceedings in the District Court were remarkably quick. After initially referring the petition to a magistrate judge pursuant to 28 U.S.C. § 636, Judge Wyrick promptly withdrew the referral. That decision got rid of the process of deliberations and preparation of a report and recommendation by a magistrate judge, objections by the parties, responses in opposition to the objections, and *de novo* review by Judge Wyrick. Approximately five weeks after Mr. Bahadorani filed his petition, the District Court issued its Order

14

[Doc. 22] and Judgment [Doc. 23] of dismissal.[5]  The District Court decided the case with dispatch after affording the parties adequate time to brief the issues fully (and after granting Mr. Bahadorani's motion for supplemental briefing).  This Court will "expedite the consideration" of Mr. Bahadorani's habeas corpus appeal.  28 U.S.C. § 1657(a).  The Court would be ill advised to radically shorten the briefing schedule when, as the Court has observed, Mr. Bahadorani may file his opening brief early if he wishes to do so.[6]

### Prayer for Relief

WHEREFORE, Appellees Bondi, Noem, DHS, ICE, Lyons, Charles, and Siegel respectfully pray for an order of this Honorable Court denying Appellant Bahadorani's Emergency Motion to Expedite Pursuant to 28 U.S.C. § 1657 with Reference to 28 U.S.C. § 2241 [Doc. 9].

Respectfully submitted this 10th day of November, 2025.

ROBERT J. TROESTER
United States Attorney

/s/ R. D. Evans, Jr.

---

[5] *Compare with Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (a fourteen-month delay by the District of Kansas was not per se unreasonable; "We do not mean to imply that in all habeas corpus cases a fourteen-month delay is impermissible …. Each situation must be considered on its own facts. We hold only that the fourteen-month delay in this case for no reason other than docket congestion is impermissible. At this point, justice delayed is justice denied.").

[6] *See* Order [Doc. 10] ("The pendency of Appellant's motion to expedite does not prevent Appellant from filing the opening brief and appendix on November 12, 2025 as proposed by Appellant.").

R. D. EVANS, JR.
Louisiana Bar No. 20805
Assistant United States Attorney
Office of the United States
Attorney
for the Western District of
Oklahoma
210 Park Ave., Suite 400
Oklahoma City, OK 73102
(405) 553-8700
(405) 553-8885 (fax)
Email:  Don.Evans@usdoj.gov

COUNSEL FOR APPELLEES
ATTORNEY GENERAL
PAMELA BONDI; SECRETARY
OF HOMELAND SECURITY
KRISTI NOEM; U.S.
DEPARTMENT OF
HOMELAND SECURITY
(DHS); UNITED STATES
IMMIGRATION AND
CUSTOMS ENFORCEMENT
(ICE); TODD M. LYONS,
ACTING DIRECTOR OF ICE;
MARCOS CHARLES, ACTING
EXECUTIVE ASSOCIATE
DIRECTOR, ENFORCEMENT
AND REMOVAL OPERATIONS
(ERO); AND MARK SIEGEL,
DIRECTOR, OKLAHOMA CITY
FIELD OFFICE, ICE

**CERTIFICATE OF COMPLIANCE**

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) and Tenth Circuit Rule 27 because it contains 3,781 words and 355 lines, inclusive of headings, footnotes, text boxes, and quotations. This brief also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

/s/ R. D. Evans, Jr.
R. D. EVANS, JR.
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the <u>10th day of November</u>, 2025, I electronically filed the foregoing document in the United States Court of Appeals for the Tenth Circuit by using the Court's CM/ECF system.

<u>/s/ R. D. Evans, Jr.</u>
R. D. EVANS, JR.
Assistant United States Attorney
