## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| BEHKAM BAHADORANI, | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 25-6177 |
| | ) | (D.C. No. 5:25-CV-1091-PRW) |
| PAMELA BONDI, ET AL., | ) | |
| Respondents-Appellees. | ) | |

### RESPONDENTS-APPELLEES' RESPONSE IN OPPOSITION TO PETITIONER-APPELLANT'S MOTION FOR IMMEDIATE RELEASE UNDER FED. R. APP. P. 23(b)

ROBERT J. TROESTER
United States Attorney

/s/ R. D. Evans, Jr.
R. D. EVANS, JR., LA Bar # 20805
Assistant United States Attorney
Office of the United States Attorney
for the Western District of Oklahoma
210 Park Ave., Suite 400
Oklahoma City, OK 73102
(405) 553-8700
Email:  Don.Evans@usdoj.gov

Counsel for Attorney General Pamela
Bondi; Secretary of Homeland
Security Kristi Noem; U.S.
Department of Homeland Security
(DHS); United States Immigration
and Customs Enforcement (ICE);
Todd M. Lyons, Acting Director of
ICE; Marcos Charles, Acting
Executive Associate Director,
Enforcement and Removal Operations
(ERO); and Mark Siegel, Director,
Oklahoma City Field Office, ICE

NOW COME Respondents-Appellees Attorney General Pamela Bondi, Secretary of Homeland Security Kristi Noem, Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Acting Director of ICE Todd M. Lyons, Acting Executive Associate Director of Enforcement and Removal Operations (ERO) Marcos Charles, and ICE Field Office Director Mark Siegel, who submit that the Court should deny the Motion for Immediate Release Under Fed. R. App. P. 23(b) [Doc. 21] filed by Petitioner-Appellant Behkam Bahadorani.[1]

**1.    Mr. Bahadorani does not explain why he bypasses the District Court to bring his Rule 23(b) motion in the first instance in the Court of Appeals.**

Mr. Bahadorani petitioned unsuccessfully for a writ of habeas corpus in the United States District Court for the Western District of Oklahoma, and he appeals the District Court's decision. He now moves this Circuit Court of Appeals "to order his release from custody without surety pursuant to Fed. R. App. P. 23(b)(3)." Motion [Doc. 21] at 3. In the alternative, he requests release "subject to lesser forms of custody such as GPS monitoring and/or home confinement pursuant to Fed. R. App. P. 23(b)(2)." *Id*. Mr. Bahadorani does not explain his decision to bypass the District Court to file his motion in the Tenth Circuit.

---

[1] In his District Court filings, Mr. Bahadorani referred to himself as *Behkam* Bahadorani. Petition [WDOK Doc. 1]; Reply [WDOK Doc. 16]. In the motion before the Court, his given name is spelled *Bekham*. Motion [Doc. 21] at 1, 3. This filing uses the spelling *Bekham*, the spelling that appears in the DHS/ICE records as well as court records of the State of Oklahoma.

Federal Rule of Appellate Procedure 23 governs the release of successful and unsuccessful petitioners pending the resolution of habeas corpus appeals. When a petitioner seeks release following a grant of a habeas petition (a "successful petitioner"), Rule 23(c) applies. If a petitioner seeks release following an order rejecting the habeas petition (an "unsuccessful petitioner"), Rule 23(b) applies. *United States v. Brown*, 382 F. Supp. 3d 262, 265 (E.D.N.Y. 2019).

On the appeal of a district court's order granting a habeas petition, the successful petitioner must be released on personal recognizance, with or without surety, "unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise[.]" Fed. R. App. P. 23(c). "Rule 23(c) undoubtedly creates a presumption of release from custody" in favor of a successful petitioner, "but that presumption may be overcome if the judge rendering the decision, or an appellate court or judge, 'otherwise orders.'" *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).[2]

"On the other hand, if the district court denies the petition, it is authorized by FRAP Rule 23(b), but not required, to release petitioner on bond." 20 Am. Jur. *Trials* 1 (originally published in 1973; October 2025 update). It is evident from the text of the rule that a district court has authority to hear a Rule 23(b) motion and

---

[2] "While the wording of Rule 23 has changed slightly since *Hilton v. Braunskill,* the thrust of the rule remains substantively unaltered in the case law." *Wolfe v. Clarke*, 819 F. Supp. 2d 574, 580, n. 2 (E.D. Va. 2011).

order the release of an unsuccessful petitioner:

> (b) Detention or Release Pending Review of Decision Not to Release.
> While a decision not to release a prisoner is under review, *the court or
> judge rendering the decision*, or the court of appeals, or the Supreme
> Court, or a judge or justice of either court, may order that the prisoner
> be:
> (1) detained in the custody from which release is sought;
> (2) detained in other appropriate custody; or
> (3) released on personal recognizance, with or without surety.

Fed. R. App. P. 23(b) (emphasis added).

Rule 23(d) adds that an "initial order" for custody or release in a habeas corpus proceeding may be modified by the court of appeals, by the Supreme Court, or by a judge or justice of either court. "An initial order governing the prisoner's custody or release, including any recognizance or surety, continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued." Fed. R. App. P. 23(d).

Rule 23(b) "governs bail pending review of a decision refusing to release the prisoner" and provides that the prisoner may or may not be released on bail, as determined by a court, judge, or justice. *Walberg v. Israel*, 776 F.2d 134, 135 (7th Cir. 1985). The usual rule with bail "is that the lower court is asked first, and the higher court afterward if necessary." *Id*.

The text of Rule 23(b) does not itself require that relief first be sought in the

district court, but "the equitable principles that govern such discretionary requests generally require that an applicant 'start by making the request to the court or judge who rendered the decision under review.'" *United States v. Dade*, 959 F.3d 1136, 1138, n. 2 (9th Cir. 2020) (quoting 16AA Charles Wright, Arthur Miller, Edward Cooper, & Catherine Struve, *Federal Practice and Procedure* § 3969 (4th ed. 2008)). Requests for release pending appeal of an order denying habeas corpus relief "should ordinarily be filed first in the district court." *Smith v. Caldwell*, 339 F. Supp. 215, 216 (S.D. Ga.), *aff'd*, 458 F.2d 160 (5th Cir. 1972).

As explained by the District Court for the Eastern District of New York:

> While Rule 23(c) "creates a presumption of release from custody" for a successful petitioner, *Hilton v. Braunskill*, 481 U.S. 770, 774, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), Rule 23(b) gives the court discretion to release an unsuccessful petitioner, *Ostrer v. United States*, 584 F.2d 594, 597 n.1 (2d Cir. 1978).

*Brown*, 382 F. Supp. 3d at 265.

It is established practice that the unsuccessful habeas corpus litigant, whether that litigant is the custodian or the petitioner, should first seek Rule 23 relief in the district court. For example, in *Boyer v. United States*, 613 F. Supp. 3d 545 (D. Mass. 2020), the petitioner moved to vacate his conviction pursuant to 28 U.S.C. § 2255. The district court denied his petition, he filed a notice of appeal to the First Circuit, and in the district court he sought release from custody pending the appeal.

The district court observed, "Federal Rule of Appellate Procedure 23 states

that while a decision not to release a prisoner who has sought Habeas Corpus relief is pending review, [']the court or judge rendering the decision, or the court of appeals, or the Supreme Court...may order that the prisoner be...released on personal recognizance, with or without surety.[']" *Boyer*, 613 F. Supp. 3d at 546. The district court then discussed the legal standard applicable to the unsuccessful petitioner's motion for release, applied the law to the facts and arguments before the court, and ruled on his motion, denying his request for release. *Id*. at 546-47.[3]

In *Brown*, the petitioner was released from prison after a successful habeas petition that later was denied on appeal. In the district court, he sought release from custody pending resolution of his petition for review by the United States Supreme Court. On his Rule 23 motion for release, the parties disagreed as to whether he was a successful or an unsuccessful petitioner. The district court found that it need not determine whether Rule 23(b) or Rule 23(c) applied because it decided he should be released under either provision. *Brown*, 382 F. Supp. 3d at 266.

The district court explained, "If an unsuccessful petitioner, this court may order Defendant's release pending resolution of his petition for review if there are special circumstances compelling release or a high probability of success on the merits." *Id.* The petitioner's motion satisfied that standard. His wife was suffering

---

[3] The First Circuit later affirmed the district court's order denying the § 2255 habeas corpus petition. It did not address the Fed. R. App. P. 23 motion for release. *Boyer v. United States*, No. 20-1421, 2021 WL 8945584, at *1 (1st Cir. Dec. 23, 2021).

a debilitating illness and was scheduled for surgery, which constituted special circumstances warranting the petitioner's release, and there were substantial questions of law presented in his Supreme Court petition. *Id*.

On the other hand, if he were considered a successful petitioner, the presumption of release would run in his favor, and it would be up to the government to overcome that presumption using the *Hilton* criteria. *Id.* (citing *Hilton*, 481 U.S. at 776, and *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)). One *Hilton* factor favored the government, but that single factor was outweighed by several other considerations favoring the petitioner. *Id*. at 266-67.

In either event, notwithstanding the proceedings in the Second Circuit Court of Appeals and the pending Supreme Court petition, the Rule 23 motion was heard and determined by the district court. *Id*.

The district court in *Cervantes De Hernandez v. Chertoff*, 368 F. Supp. 2d 909 (E.D. Wis. 2005), concluded that it lacked jurisdiction and dismissed an immigration detainee's habeas corpus petition. Within days, she submitted her notice of appeal, and she filed a motion in the district court to stay her removal pending the Seventh Circuit's review of the appeal. Her motion cited no law, prompting the district court to consider possible legal bases for the motion, including Rule 23:

> Perhaps Cervantes de Hernandez has in mind Federal Rule of Appellate Procedure 23. Federal Rule of Appellate Procedure 23 permits this Court to order that a prisoner continue in the custody from which she seeks relief while the Court's decision not to release her is under

6

review. Fed. R. App. P. 23(b).

*Id.* at 911.

Reverting to its earlier determination that it had no jurisdiction, the district court denied the petitioner's motion. *Id*. However, *Cervantes De Hernandez* stands for the proposition that a Rule 23(b) motion is properly presented in the district court.

On a Rule 23(c) motion, the Third Circuit Court of Appeals has affirmatively stated that the motion should first be presented in the district court:

> This rule makes it clear that pending appeal by the custodian of a prisoner who has successfully obtained a writ of habeas corpus the prisoner is presumptively entitled to release. If the custodian deems release pending appeal to be inappropriate, or if he deems it appropriate to request that bail with surety be fixed, *the custodian should first apply to the district judge who rendered the decision*.

*U.S. ex rel. Barnwell v. Rundle*, 461 F.2d 768, 770 (3d Cir. 1972) (emphasis added).

When a habeas corpus matter is on appeal, the district court "retains jurisdiction" to release the petitioner pursuant to Rule 23(c). *Wolfe*, 819 F. Supp. 2d at 579. In a similar vein, *Cagle v. Davis*, 520 F. Supp. 297 (E.D. Tenn. 1980), *aff'd*, 663 F.2d 1070 (6th Cir. 1981), explains the "intendment" or purpose of Rule 23(c). It is meant "to insure that a district court retains power to issue an order respecting enlargement of a prisoner on bail at least until such initial order is modified for specific reasons shown." 520 F. Supp. at 311 (quotation marks and citation omitted).

The Sixth Circuit has observed that responsibility for custody decisions is

reserved in the district courts for direct criminal appeals by the express provisions of Federal Rule of Appellate Procedure 9(b), and a motion for release pending appeal "must be first sought in the district court even after an appeal has been noted from the judgment of conviction." *Jago v. U.S. Dist. Ct., N. Dist. of Ohio, E. Div. at Cleveland*, 570 F.2d 618, 623 (6th Cir. 1978). *Jago* holds that the same process should apply for Rule 23 motions, whether brought by the petitioner or the custodian:

> We believe that a proper understanding of the history of Rule 23 supports a conclusion that it, also, preserves in the district judge authority to issue one or more orders regarding the custody or enlargement of a prisoner pending the review of the decision in the habeas corpus action. The district court does not lose his jurisdiction when an appeal is noted from the decision. However, on motion by a party, the court of appeals or a single judge of the court may modify any such order, or make an independent custody order, but only where "special reasons" are found to do so.

*Id.*

The source of Rule 23's language, Supreme Court Rule 49,[4] was "intended to ensure that a district court could make custody orders after a notice of appeal had been filed[.]" *Id*. at 626 (citing B. Boskey & E. Gressman, "The 1967 Changes in the Supreme Court's Rules," 42 F.R.D. 139, 160 (1968)). Any uncertainty as to the powers of a district court following an appeal in habeas corpus proceedings "should be resolved in favor of the retained power of the district judge." *Id*.

---

[4] The Supreme Court's rule addressing custody of habeas corpus petitioners has since been redesignated as Supreme Court Rule 36.

In this Court of Appeals, Mr. Bahadorani moves for release from custody without surety pursuant to Rule 23(b)(3) or, in the alternative, for his release to a "lesser" form of custody pursuant to Rule 23(b)(2). Motion [Doc. 21] at 3. The plain text of Rule 23(b) states that he could have sought an order granting his release on personal recognizance, with or without surety, from "the court or judge rendering the decision" not to issue a writ of habeas corpus. Fed. R. App. P. 23(b)(3). That court, the United States District Court for the Western District of Oklahoma, similarly could, under the text of the rule, order his continued detention "in other appropriate custody." Fed. R. App. P. 23(b)(2).

Rules 23(b) and (c) authorize orders by the court or judge who rendered the decision under appellate review, the court of appeals, the Supreme Court, or a judge or justice of either court. This presents a wide range of options, but "a good general principle is to start by making the request to the court or judge who rendered the decision under review." 16AA Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3969 (5th ed.). Mr. Bahadorani offers no explanation for his decision to bypass the District Court, and the weight of authority suggests that he should have moved in the first instance in the District Court.

## 2.    Mr. Bahadorani is not entitled to relief under Rule 23(b).

A federal district court possesses inherent power to release a petitioner on bond pending determination of his habeas corpus petition; however, "a showing of

exceptional circumstances must be made for such relief, or a demonstration of a clear case on the merits of the habeas petition." *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981). A district court may release a habeas petitioner on bail if there is a "substantial claim of law" and "the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice." *Nash v. Eberlin*, 437 F.3d 519, 526, n. 10 (6th Cir. 2006) (cleaned up; citations omitted). The power to release a habeas corpus petitioner on bail is "a power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (compiling cases). "In exceedingly exceptional circumstances a district court has the power to release a habeas petitioner on bail pending the ultimate disposition of his petition." *Boyer*, 613 F. Supp. 3d at 546.

Both in the district court and on appeal, in the absence of exceptional circumstances, a court should not grant bail to a § 2241(c)(3) habeas corpus petitioner prior to the final determination unless the petitioner presents not just a clear case on the law, "but a clear, and readily evident, case on the facts. Merely to find that there is a substantial question is far from enough." *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972) (internal citation and footnote omitted). "Beyond a 'clear case' on both the law and the facts, there must exist 'some circumstance making this application exceptional and deserving of special treatment in the interests of justice.'" *Boyer*, 613 F. Supp. 3d at 546 (quoting *Glynn*, 470 F.2d at 98). This is

"an incredibly exacting standard appropriate for extraordinary relief." *Id*. Mr. Bahadorani is an unsuccessful petitioner, so release pending resolution of his habeas corpus demand requires a showing of "special circumstances compelling release or a high probability of success on the merits." *Brown*, 382 F. Supp. 3d at 266.

Mr. Bahadorani urges this Court to employ the "four-factor framework for evaluating motions for release pending appeal in habeas cases" used in *Hilton*. Motion [Doc. 21] at 4. *Hilton* itself noted, "Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." 481 U.S. at 777. *Hilton* involved a successful petitioner. It was the government that appealed a decision granting a writ of habeas corpus. The Supreme Court was asked to decide what factors a court may consider under Rules 23(c) and (d) when determining whether to release a prisoner pending the appeal of an order granting his petition for habeas corpus relief. *Id*. at 772.

Because the case involved a successful petitioner, Rule 23(c) applied, and it created a presumption that the petitioner was entitled to release from custody. *Id*. at 774. Moreover, the district court denied the custodians' motion to stay the district court's order pending the appeal, and "Rule 23(d) creates a presumption of correctness for the order of a district court entered pursuant to Rule 23(c), whether that order enlarges the petitioner or refuses to enlarge him, but this presumption may be overcome in the appellate court 'for special reasons shown.'" *Id*.

11

Mr. Bahadorani is an *unsuccessful* petitioner, and Rule 23(c), which addresses release pending review of an order granting habeas corpus relief, does not apply to his motion. Rule 23(c)'s presumption in favor of the successful petitioner decidedly does not apply to his case. Mr. Bahadorani applies *Hilton*'s criteria for evaluating a Rule 23(c) motion in the case of a successful petitioner, yet Mr. Bahadorani brings his motion pursuant to Rule 23(b).

"Rule 23(b) does not itself set forth any substantive criteria for determining detention or release," so a court's determination under Rule 23(b) may be guided by equitable considerations. *Dade*, 959 F.3d at 1138. *Hilton* did not discuss the application of its framework to Rule 23(b), but its reasoning may be "roughly transferable to that subdivision of Rule 23." 16AA Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3969 (5th ed.). The balancing test employed by *Hilton* for a Rule 23(c) motion may apply to determinations under Rule 23(b), "though the application of the factors may be different." *Id*. One difference is this: "Unlike Rule 23(c), Rule 23(b) does not set a presumption in favor of release." *Id.*

The relevant factors in evaluating a Rule 23(b) motion presumably include the likelihood that the petitioner's appeal will succeed, the petitioner's interest in being released while the appeal is pending, the government's interest in maintaining custody, and the public interest. Risk of flight, risk of dangerousness, and remaining length of sentence also "should be relevant to the analysis." *Id*.

Mr. Bahadorani twice proclaims that he "has made a strong showing that he is likely to succeed on the merits." Motion [Doc. 21] at 5 (text effects removed); *id.* at 6. He glosses over the fact that he lost in the District Court, and he is dismissive of its decision. On the "likelihood of success" factor, even a high probability of success is not enough to warrant release under Rule 23(b). Instead, a petitioner must make a showing of exceptional circumstances deserving of special treatment in the interests of justice. *Dade*, 959 F.3d at1138. Mr. Bahadorani simply invites this Court to search through his Opening Brief [Doc. 17], claiming that it "demonstrates a substantial likelihood" of success on appeal. Motion [Doc. 21] at 6. "Further argument on this issue is omitted" because Mr. Bahadorani claims it would be "unnecessarily duplicative." *Id.* It is not this Court's responsibility to search through his filings and construe his arguments for him. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Next, Mr. Bahadorani argues that if the Court denies his motion he will be irreparably injured. Motion [Doc. 21] at 6. His argument presumes that he has suffered a constitutional violation of his liberty interest, but an alien under an order of removal may be detained. Mr. Bahadorani seems to expect this Court to review the District Court pleadings and craft his argument for him, because he urges, "Petitioner's habeas petition persuasively claims that he is being incarcerated in violation of the Constitution and laws of the United States[.]" *Id*. at 7.

Next, the Rule 23(b) motion gives short shrift to the government and public interests in this case.  A basic purpose of immigration detention is "assuring the alien's presence at the moment of removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).  Denial of the Rule 23(b) motion serves that interest.  Furthermore, the government has a compelling interest in enforcing its immigration laws, and in this sphere the recognized liberty interests of an alien are not equal to those of a U.S. citizen.  *Demore v. Kim*, 538 U.S. 510, 522 (2003); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).  There is a "heightened governmental interest in the immigration detention context." *Rodriguez Diaz*, 53 F.4th at 1206.

As for the additional *Hilton* factors, Mr. Bahadorani urges that he "poses no significant flight risk if he is released[.]"  Motion [Doc. 21] at 10.[5]  He believes that this "*Hilton* factor favors Petitioner." *Id*. at 11.  The Respondents-Appellee disagree.

Mr. Bahadorani again urges this Court to consider what "Petitioner alleged in his habeas corpus petition," specifically, "that Bahadorani did not present an ongoing danger or a flight risk." *Id*. at 10.  But risk of flight is not a static question.  It is not determined by what Mr. Bahadorani alleged in his initial filing in the District

---

[5] The "remaining length of sentence" factor does not apply to Mr. Bahadorani's immigration detention.  He has completed his sentence for "a variety of sexual crimes against children, including second-degree rape, sexual abuse, lewd molestation, and possession of child pornography." Motion [Doc. 21] at 15 (findings of the District Court).  Notwithstanding the gravity of those crimes, the Respondents-Appellees do not claim to predict "future dangerousness" but submit that Mr. Bahadorani's criminal offenses provide context for the "risk of flight" factor.

Court. Risk of flight, like any risk, depends on the circumstances, and Mr. Bahadorani's circumstances have changed significantly.

The District Court has denied his habeas corpus demand. He is now an unsuccessful petitioner. Although Mr. Bahadorani professes extreme confidence that he will prevail on appeal, the fact remains that he has lost round one. He is closer to being removed to the Islamic Republic of Iran than when he filed suit. If Mr. Bahadorani, a convicted sex offender, is released from custody, the likelihood of flight is now greater. It is now more likely that he may choose to secret himself in the United States to avoid removal.

Mr. Bahadorani comes to this Court as an unsuccessful habeas corpus petitioner. The presumption favoring release does not apply to him. He has not demonstrated the exceptional or special circumstances that would justify relief under Rule 23(b), and if the Court addresses the merits of his motion, it should refuse Mr. Bahadorani's requests for release or for a lesser form of custody.

### **Prayer for Relief**

WHEREFORE, Respondents-Appellees Pamela Bondi, et al., respectfully pray for an order of this Honorable Court denying Petitioner-Appellant Behkam Bahadorani's Motion for Immediate Release Under Fed. R. App. P. 23(b) [Doc. 21].

Respectfully submitted this <u>26th day of November</u>, 2025.

ROBERT J. TROESTER
United States Attorney

<u>/s/ R. D. Evans, Jr.</u>
R. D. EVANS, JR.
Louisiana Bar No. 20805
Assistant United States Attorney
Office of the United States
Attorney
for the Western District of
Oklahoma
210 Park Ave., Suite 400
Oklahoma City, OK 73102
(405) 553-8700
(405) 553-8885 (fax)
Email:  Don.Evans@usdoj.gov

COUNSEL FOR APPELLEES
ATTORNEY GENERAL
PAMELA BONDI; SECRETARY
OF HOMELAND SECURITY
KRISTI NOEM; U.S.
DEPARTMENT OF
HOMELAND SECURITY
(DHS); UNITED STATES
IMMIGRATION AND
CUSTOMS ENFORCEMENT
(ICE); TODD M. LYONS,
ACTING DIRECTOR OF ICE;
MARCOS CHARLES, ACTING
EXECUTIVE ASSOCIATE
DIRECTOR, ENFORCEMENT
AND REMOVAL OPERATIONS
(ERO); AND MARK SIEGEL,
DIRECTOR, OKLAHOMA CITY
FIELD OFFICE, ICE

**CERTIFICATE OF COMPLIANCE**

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) and Tenth Circuit Rule 27 because it contains 3,995 words and 325 lines, inclusive of headings, footnotes, text boxes, and quotations. This brief also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

/s/ R. D. Evans, Jr.
R. D. EVANS, JR.
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the <u>26th day of November,</u> 2025, I electronically filed the foregoing document in the United States Court of Appeals for the Tenth Circuit by using the Court's CM/ECF system.

<u>/s/ R. D. Evans, Jr.</u>
R. D. EVANS, JR.
Assistant United States Attorney